UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIBERTO ULLOA CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Defendant. | Case No. 1:26-cv-06965-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND THE LOCAL RULES<br><br>(Doc. 6)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Eriberto Ulloa Cardenas ("Plaintiff") initiated this action with the filing of a complaint against Defendant Carrington Mortgage Services, LLC ("Defendant") in state court on July 8, 2026. Defendant removed the case to this Court on August 31, 2026, and promptly served upon Plaintiff the Court's "New Case Documents" providing information to the parties relevant to prosecuting this case. (Doc. 1, 4).

On September 8, 2026, Defendant filed a motion to dismiss. (Doc. 3). The motion to dismiss includes a "Certificate of Service" reflecting that Defendant served the motion on Plaintiff via U.S. mail on that same date at his address of record.

After Plaintiff failed to timely file an opposition or statement of non-opposition as required under Local Rule 230, on October 13, 2026, the Court vacated the motion hearing and ordered Plaintiff to show cause ("OSC") in writing within 14 days why sanctions should not be imposed

for his failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. (Doc. 6). The Court admonished that any failure by Plaintiff to timely comply with the order will result in the imposition of sanctions, including a recommendation to dismiss the action. *Id.*

Nevertheless, Plaintiff has failed to file any response to the Court's OSC, and the time to do so has expired. For the reasons set forth below, the undersigned will recommend that the Court dismiss this action without prejudice for Plaintiff's failure to comply with the Court's orders and the local rules.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and the local rules. Specifically, Plaintiff has failed to timely respond to the Court's OSC why sanctions should not be imposed for his failure to timely an opposition or statement of non-opposition to the motion to dismiss as required by Local Rule 230. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders and the local rules. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's compliance with the Court's October 13, 2026, OSC to explain his delinquency in failing to timely file an opposition or statement of non-opposition to the motion to dismiss. (Doc. 6). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He instead has failed to comply with this Court's orders and the local rules and by such conduct is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "Any failure by Plaintiff to timely comply with and file a response to the order may result in Defendant' motion

being considered unopposed *and/or a recommendation to dismiss the action*." (Doc. 6, emphasis added). Thus, Plaintiff was adequately forewarned that his failure to timely respond to the OSC could result in a recommendation for imposing terminating sanctions.

Having considered and balanced the equities noted above, because Plaintiff has failed to comply with this Court's orders and local rules and failed to prosecute the action, the undersigned will recommend dismissal of this action without prejudice.

**<u>Conclusion and Recommendation</u>**

Accordingly, it is **HEREBY RECOMMENDED** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to comply with the Court's orders and the local rules. *See* Local Rule 110.
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 3, 2026**

UNITED STATES MAGISTRATE JUDGE